[No. 33638.   Department Two.   May 17, 1956.]

FRANK LORD *et al., Relators,* v. SUPERIOR COURT FOR YAKIMA
COUNTY, *Ian MacIver, Judge, Respondent.*[1]

[1]Reported in 297 P. (2d) 253.

*Homer B. Splawn,* for relators.

*Don J. Clark* and *Richard C. Focht,* for respondent.

PER CURIAM.—The trial court entered an order of public use in an eminent domain proceeding to acquire certain described land of the relators for county road purposes. The relators bring the order before this court on a writ of certiorari.

■ Relators contend there was not sufficient compliance with the provisions of RCW 36.77.010 [*cf.* Rem. Rev. Stat., § 6450-32, part] relating to the approval and filing of maps of proposed roads with the clerk of the board of county commissioners. It is the relators' theory that county commissioners must allege and prove strict compliance with the statute in order to maintain the proceeding. We do not agree. The statute in question relates to the letting of bids for construction of roads and is not a procedural step in a condemnation proceeding.

The relators contend that there was not a sufficient allegation of disagreement between themselves and the county commissioners as to the purchase of their land to entitle Yakima county to maintain the condemnation action.

RCW 8.08.010 [*cf.* Rem. Supp. 1949, § 3991-6] provides, *inter alia:*

"Whenever the board of county commissioners deems it necessary for county purposes to acquire . . . land, . . . and is unable to agree with the owner . . . thereof for its purchase, it shall be the duty of the prosecuting attorney to present to the superior court . . . a petition . . . praying that a jury be impanelled to ascertain and determine the compensation to be made . in money to such owner or owners respectively, . . ."

It appears in the court's order determining public use that the county had been unable to agree with the owners for the purchase of the property described. Exhibit No. 5 is a copy of the resolution by the board of county commissioners, in which it is recited that

"The Board further finding that negotiations for the necessary rights-of-way for the portion so relocated have been

continuing to the present time. That all necessary rights-of-way have been acquired by negotiation except that across two ownerships, one being vested in Frank Lord and Pearl Lord, his wife, and title to the other being in the estate of Margaret C. Splawn, deceased, and her legal heirs; . . . "

■ The relators do not hint at the possibility of an agreement. The petition in condemnation alleges a disagreement, the resolution of the board of county commissioners recites a disagreement, the relators appeared and contested the matter, and the entire proceeding would come to an end upon the acceptance of the offer of the commissioners. There is no merit in relators' contention that the record does not show a disagreement.

■ The relators contend that the right of way specified in the resolution was not selected and adopted as a part of the ten-year road program of the county, as required by RCW 36.81.130 [cf. Rem. Supp. 1949, § 6450-8f]. There is not a scintilla of evidence to support this contention. The road in question is an old county road. It was incorporated in the county's ten-year plan by resolution of the county commissioners on March 28, 1952, a copy of which was introduced in evidence.

■ The relators contend that the right of way through their land will be eighty feet wide, which is arbitrary and capricious, since the right of way of the old road is only sixty feet wide.

The anticipated traffic will require a right of way eighty feet wide. There is nothing arbitrary or capricious about the county's plan to widen part of the road at a time.

The order determining public use of the land in question, is affirmed.